# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAKESHA BRYANT,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-3443-16-0127-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: April 28, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lakesha Bryant, Kansas City, Kansas, pro se.

Brian J. Odom, Esquire, Denver, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On December 22, 2015, the appellant filed an apparently untimely appeal challenging her August 21, 2015 termination during her probationary period. Initial Appeal File (IAF), Tab 1. The administrative judge advised the parties of the timeliness issue and ordered the appellant to provide evidence and argument to show that the appeal was timely filed or that there was good cause to waive the filing deadline. IAF, Tab 3. The administrative judge also advised the appellant that the Board may not have jurisdiction over her appeal as a U.S. Postal Service employee. IAF, Tab 2. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 6. The appellant filed responses in support of her claims regarding the merits of her appeal and she asserted allegations of discrimination and retaliation. IAF, Tabs 7-12, 14-15.

¶3 The administrative judge found that the appellant failed to establish that: (1) she was not preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) that she completed 1 year of current, continuous service in the same or similar positions. IAF, Tab 16, Initial Decision (ID) at 3. Thus, without addressing the timeliness issue, the administrative judge dismissed the appeal for lack of jurisdiction.

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). For a U.S. Postal Service employee to be entitled to appeal a removal under 5 U.S.C. chapter 75, he must: (1) be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) have completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). For the purpose of this appeal, a "preference eligible" veteran is defined under 5 U.S.C. § 2108 as an individual who served on active duty in the armed forces during one of several proscribed periods and who was discharged or released from active duty "under honorable conditions."

¶5      On review, the appellant challenges the merits of the removal action and she has submitted numerous documents that were not submitted below. Petition for Review (PFR) File, Tabs 1, 3. These documents include the appellant's statement of what transpired during her employment, statements and emails from coworkers, medical documents in support of several of her absences, her performance evaluation, and time sheets reflecting her absences and shift change. However, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant has failed to show that these documents were unavailable to her prior to the close of the record below, we have not considered them.[2] Moreover, the

---

[2] On review, the appellant also has submitted a copy of an email response dated January 7, 2016, from the agency's Office of Inspector General Hotline acknowledging that she filed a Hotline Complaint with it. PFR File, Tab 3 at 10. The email simply

appellant's arguments do not challenge any of the administrative judge's findings on the jurisdictional issue.  Rather, all of her arguments and the documents she submitted on review address the merits of her appeal.

¶6        The applicable law and the record evidence support the administrative judge's findings that the appellant, who was terminated during her probationary period, is not a preference eligible, and there is no evidence that she was a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and that she completed 1 year of current, continuous service in the same or similar positions.  ID at 3-4.  Therefore, we discern no reason to disturb these explained findings.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she  considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Accordingly, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.[3]

---

thanked the appellant for the information she provided and stated that, "[w]hile we can't guarantee we can recover lost money or items, your information can help alert Investigators to problem areas and possibly prevent others from being victimized.  Your concern has been received and documented in our data base." *Id.*  Even if the Board were to find this response to be new, it is not material as it does not show that the Board has jurisdiction over this appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] While the administrative judge noted that both timeliness and jurisdiction are at issue in this case, he dismissed the appeal without addressing the timeliness issue.  Because the administrative judge correctly found that the Board does not have jurisdiction over this appeal, we find he did not commit error in apparently declining to make a finding as to whether it was timely filed.  ID at 1.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.